HARVEY ALTHOLTZ *v.* CONNECTICUT DENTAL
COMMISSION
(2867)

DUPONT, C.P.J., HULL and SPALLONE, Js.

Argued April 3—decision released June 18, 1985

*Joseph A. Lorenzo,* with whom, on the brief, was *Sandra A. Trionfini,* for the appellant (plaintiff).

*Richard J. Lynch,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Stanley K. Peck,* assistant attorney general, for the appellee (defendant).

SPALLONE, J. The plaintiff is appealing from the dismissal of his administrative appeal from a decision by the defendant to suspend his license to practice dentistry.

The administrative proceeding against the plaintiff arose from a letter of complaint filed with the defendant by a senior dental claim examiner from Connecticut General Life Insurance Company (Connecticut General). In that letter, the claim examiner, Jerry D. Fix, advised the defendant that the plaintiff had billed his company for dental work that either had not been performed or had been performed unsatisfactorily. After meeting with the plaintiff in December, 1979, in an unsuccessful attempt to resolve the matter informally, the defendant issued a formal statement of charges in January, 1980. In the statement of charges, the defendant alleged that the plaintiff had violated General Statutes (Rev. to 1979) § 20-114 (2) and

(15) by overbilling and rendering endodontic treatment in an unskillful manner. Pursuant to that statement, the defendant issued a notice of hearing through the department of health services ordering the plaintiff to appear and defend.

At the hearing, the defendant called two witnesses in support of its charges. The first was Fix, who testified that Connecticut General had retained two dentists to evaluate independently the dental work performed by the plaintiff. The reports of both of those dentists were introduced into evidence over the plaintiff's objection that they were hearsay. The second witness called by the defendant was Michael J. Zazzaro, a dentist employed by the department of health services to investigate complaints.[1] Zazzaro, also over the plaintiff's objection, testified as to his interpretation of the reports submitted by the independent dentists.

At no point did the plaintiff claim that he did not know that the reports would be offered, request a recess or continuance in order to secure the presence at the hearing of either of the dentists who had prepared the reports, or request that the defendant subpoena the dentists under General Statutes (Rev. to 1979) § 20-115.[2] The plaintiff, moreover, acknowledged during direct testimony that the conclusions in the reports by both dentists with regard to his billing and dental work were correct.[3] After the hearing, the defendant voted unanimously to suspend the plaintiff's dental license for two consecutive six month periods for violating General Statutes (Rev. to 1979) § 20-114 (2)

---

[1] Although employed by the defendant, Zazzaro was not a participant in the defendant's deliberations with regard to complaints received.

[2] General Statutes (Rev. to 1979) § 20-115 was repealed by Public Acts 1980, No. 80-484, § 175, effective July 1, 1980. See General Statutes § 19a-10.

[3] As to the claimed overbilling, the plaintiff, upon receiving a complaint from Connecticut General, voluntarily refunded $698.

and (15). The plaintiff appealed from that decision to the Superior Court, which found no merit in his claims and dismissed the appeal.

In his appeal to this court from the judgment rendered upon that dismissal, the plaintiff contends that the trial court erred in finding (1) that his equal protection and due process rights under the United States and Connecticut constitutions were not violated because the doctors who prepared the reports were not present at the hearing; (2) that the defendant's reliance on hearsay evidence was not an abuse of discretion and a violation of his due process rights; (3) that it is for the legislature to determine whether a license to practice dentistry is a substantial property right the deprivation of which would be a violation of procedural due process where there is no opportunity to cross-examine witnesses; and (4) that General Statutes (Rev. to 1979) § 20-114 was not unconstitutionally vague. We find no error.

Judicial review of administrative process is intended to assure that the evidence upon which an administrative agency acts is probative and reliable and that the action taken is fundamentally fair. *Feinson* v. *Conservation Commission,* 180 Conn 421, 429, 429 A.2d 910 (1980). It is well settled that " '[c]onclusions reached by an administrative body must be upheld by the court if they are supported by the evidence that was before the administrative body. *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* 165 Conn. 559, 563, 345 A.2d 520 [1973]. The credibility of witnesses and the determination of issues of fact are matters within the province of the administrative agency. *Jaffe* v. *State Department of Health,* 135 Conn. 339, 343, 64 A.2d 330 [1949]. It is not the function of the court to retry the case. The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken.

*Conley* v. *Board of Education,* 143 Conn. 488, 492, 123 A.2d 747 [1956].' *Williams* v. *Liquor Control Commission,* 175 Conn. 409, 414, 399 A.2d 834 (1978)." *Hospital of St. Raphael* v. *Commission on Hospitals & Health Care,* 182 Conn. 314, 318, 438 A.2d 103 (1980).

General Statutes § 4-178, which is part of the Uniform Administrative Procedure Act; General Statutes §§ 4-166 through 4-189; permits the admission of written evidence in contested cases unless it will substantially prejudice a party. *Carlson* v. *Kozlowski,* 172 Conn. 263, 266, 374 A.2d 207 (1977). General Statutes § 4-183 (g) (1) provides that a court may reverse or modify an agency decision which is in "violation of . . . statutory provisions." The plaintiff's first two claims on appeal raise, in their essence, the question of whether the trial court erred in failing to find that the admission of the reports by the two independent dentists was substantially prejudicial to him and, therefore, in violation of General Statutes § 4-178.

In *Carlson* v. *Kozlowski,* supra, where the plaintiff challenged the suspension of his operator's license by the commissioner of motor vehicles, the same basic question was raised. In that case, hearsay evidence in the form of affidavits by witnesses to an accident in which the plaintiff was involved was admitted at an administrative proceeding, even though the witnesses were not present. The Supreme Court found, under the facts of that case, that the affidavits were insufficiently trustworthy and substantially prejudicial under General Statutes § 4-178. Id., 268.

In arriving at that conclusion, the court looked to *Richardson* v. *Perales,* 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971), for guidance as to the standard by which the trustworthiness of hearsay evidence is to be measured in an administrative proceeding.

*Carlson* v. *Kozlowski,* supra, 267.[4] In this case, too, *Richardson* v. *Perales,* supra, provides useful guidance.

In *Richardson,* the challenged evidence comprised medical reports introduced in a social security disability hearing at which the doctors who prepared the reports were not present. In determining that the reports were trustworthy although hearsay, the United States Supreme Court stated "that a written report by a licensed physician who has examined the claimant and who sets forth in his report his medical findings in his area of competence may be received as evidence in a disability hearing and, despite its hearsay character and an absence of cross-examination, and despite the presence of opposing direct medical testimony and testimony by the claimant himself, may constitute substantial evidence supportive of a finding . . . adverse to the claimant, when the claimant has not exercised his right to subpoena the reporting physician and thereby provide himself with the opportunity for cross-examination of the physician." *Richardson* v. *Perales,* supra, 402.

The written reports of the dentists in this case fall squarely within the standard set forth in *Richardson.* The reports were made by dentists with no bias or interest in the case, were based on personal consultation and examination and contained no facial inconsistency.

---

[4] The Supreme Court in *Carlson* v. *Kozlowski,* 172 Conn. 263, 374 A.2d 207 (1977), acknowledged that under federal law, the standard by which a reviewing court may set aside an agency finding is different from ours. Id., 266–67. "Federal law requires a reviewing court to set aside an agency finding if the finding is not supported by 'substantial evidence.' 5 U.S.C. § 706 (2) (E). Our statute differs in that it provides that a court may reverse or modify an agency decision if substantial rights of the appellant have been prejudiced because the administrative findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. General Statutes § 4-183 (g) (5)." *Carlson* v. *Kozlowski,* supra. That court felt, however, as do we, that the standard set forth in *Richardson* v. *Perales,* 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971), is not irrelevant in applying General Statutes § 4-183 (g). *Carlson* v. *Kozlowski,* supra, 267.

*Richardson* v. *Perales,* supra, 403–404; cf. *Carlson* v. *Kozlowski,* supra, 268. Furthermore, the reports were not the only evidence of the plaintiff's culpability. The plaintiff testified that the conclusions in the reports were correct, that he did not always keep his records "up to snuff" and that several root canals which he performed went "less of the distance down the root than I would have liked to." We conclude that the hearsay evidence used in this case clearly met the level of the evidence held to be trustworthy in *Richardson* and did not substantially prejudice the plaintiff.

As to the plaintiff's third claim of error, the trial court was correct in stating that any change in our procedures governing the conduct of administrative proceedings which involve a property right as substantial as the one at issue is a matter for legislative consideration. Administrative due process requires, in its essence, that a party be given notice of the case against him and an opportunity to be heard by a fair and impartial body. The procedure must be tailored, in light of the decision to be made, to the circumstances of those who are to be heard to insure that the hearing is, in fact, meaningful. *Mathews* v. *Eldridge,* 424 U.S. 319, 349, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); *Pagano* v. *Board of Education,* 4 Conn. App. 1, 6–7, 492 A.2d 197 (1985). The procedure used in this case sufficiently ensured the plaintiff's constitutional right of due process. If our legislature wishes to provide further procedural safeguards to fortify those already in effect, it may do so. This is not a matter for judicial determination.

The final claim which the plaintiff has raised is that the statute under which the defendant acted is unconstitutionally vague. The statute, General Statutes (Rev. to 1979) § 20-114, provided that "[t]he dental commission may suspend or revoke any license . . . for any of the following causes . . . (2) proof that such per-

son has become unfit or incompetent or has been guilty of cruelty, unskillfulness, gross negligence or indecent conduct toward patients . . . (15) unprofessional conduct . . . ." The plaintiff argues that the terms "unfit," "incompetent," and "unprofessional conduct" are not defined in the statutes and, therefore, that the statute is void for vagueness.

The terms of a statute which is penal in nature; see *Brazo* v. *Real Estate Commission,* 177 Conn. 515, 526, 418 A.2d 883 (1979); "must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties." *Amsel* v. *Brooks,* 141 Conn. 288, 297, 106 A.2d 152, appeal dismissed, 348 U.S. 880, 75 S. Ct. 125, 99 L. Ed. 693 (1954). In applying this test, we look at the statute's applicability to the particular facts at issue. *State* v. *Smith,* 183 Conn. 17, 19, 438 A.2d 1165 (1981). Generally, if a practical or sensible effect may be given to such a statute, it will be sustained. *Amsel* v. *Brooks,* supra.

General Statutes § 1-1 (a) provides that "words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases . . . shall be construed and understood accordingly." Terms associated with the trade or business with which a given statute is concerned should be accorded the meaning which they would convey to an informed person in that trade or business. *Berger, Lehman Associates, Inc.* v. *State,* 178 Conn. 352, 357, 422 A.2d 268 (1979). We presume that members of a professional health licensing board are competent to decide on the basis of such terms whether certain conduct is in derogation of professional standards. See *Jaffe* v. *State Department of Health,* 135 Conn. 339, 349, 64 A.2d 330 (1949). It is also our view that what constitutes "unprofessional conduct" and what renders a professional "unfit" or "incompetent" are to be

determined "by those standards which are commonly accepted by those practicing the same profession in the same territory." *Leib* v. *Board of Examiners for Nursing,* 177 Conn. 78, 88–89, 411 A.2d 42 (1979), quoting *Cherry* v. *Board or Regents,* 289 N.Y. 148, 158, 44 N.E.2d 405 (1942). These standards are part of the ethics of the profession, and every member of the profession should be regarded as an expert with regard to the determination of their meaning. *Leib* v. *Board of Examiners for Nursing,* supra, 89.

Considering the record as a whole, we conclude that there was substantial evidence before the defendant to support its decision and that the trial court was correct in dismissing the appeal.

There is no error.

In this opinion the other judges concurred.