[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 6, 1990, plaintiff, Harold Lee, was arrested by Trooper Joseph Weber ["arresting officer"] for operating a vehicle while under the influence of intoxicating liquor. Following his arrest, plaintiff submitted to two intoximeter tests, which indicated that the ratio of alcohol in plaintiff's blood was more than ten-hundredths of one percent, by weight (.185 and .179). The arresting officer, acting on behalf of the Commissioner of Motor Vehicles, revoked and took possession of plaintiff's operator's license and issued him a temporary operator's license.
By notice dated January 12, 1990, the Commissioner of Motor Vehicles [the "Commissioner"] notified plaintiff that pursuant to 14-227b of the General Statutes, as amended by Public Act 89-314, his license to operate a motor vehicle would be suspended for ninety (90) days, effective February 10, 1990. The notice also informed plaintiff that he was entitled to a hearing prior to the suspension date. At plaintiff's request, a hearing was held on January 26, 1990, before Attorney G. Barry Goodberg [the "hearing officer"], at which plaintiff was represented by counsel. By decision dated January 31, 1990, the hearing officer set forth his findings of facts and conclusion of law, and ordered the suspension of plaintiff's license for ninety (90) days. CT Page 2185
Plaintiff appeals the hearing officer's decision. An ex parte motion for stay during the pendency of this appeal was granted on February 8, 1990, there being no objection.
Appeals from administrative agencies exist only under statutory authority. Tarnopol v. Connecticut Siting Council,212 Conn. 157, 163 (1989) (citations omitted). A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Id. at 163-64 (citation omitted). The appeal provisions of the Uniform Administrative Procedure Act [the "UAPA"] are jurisdictional in nature. Id. at 163 (citation omitted). Judicial review of the Commissioner's action under 14-227b of the General Statutes, as amended, is governed by the UAPA. Buckley v. Muno, 200 Conn. 1, 3 (1986); see also Connecticut General Statutes 4-166 (1), as amended by Connecticut Public Act No. 88-317, 1 (eff. July 1, 1989), and 4-183(a), as amended by Connecticut Public Act No. 88-317, 23 (eff. July 1, 1989); Connecticut General Statutes 14-227b(1), as amended by Connecticut Public Act No. 89-314, 1 (eff. Jan. 1, 1990).
The UAPA allows an "aggrieved" person to appeal from a final decision of an agency. Connecticut General Statutes 4-183
(a), as amended by Connecticut Public Act No. 88-317, 23 (eff. July 1, 1989). The party claiming to be aggrieved must first "demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole," and second, must "establish that this specific personal and legal interest has been specially and injuriously affected by the decision." State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 299-300 (1987). One whose license is suspended pursuant to 14-227b "is an aggrieved person within the meaning of General Statutes 4-183 (a) in that a specific, personal and legal interest, his license to drive, has been adversely affected." Tarascio v. Muzio, 40 Conn. Sup. 505,507 (1986). Therefore, the plaintiff is aggrieved.
Section 4-183 of the UAPA governs appeals from decisions of administrative agencies to the Superior Court and sets forth the applicable standard of review as follows:
 (j) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the CT Page 2186 administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment.
Connecticut General Statutes 4-183 (j), as amended by Connecticut Public Act No. 88-317, 23 (eff. July 1, 1989). Although raised in the complaint, issues not briefed are considered abandoned. State v. Ramsundar, 204 Conn. 4, 16
(1987); DeMilo v. West Haven, 189 Conn. 671, 681-82 n. 8 (1983).
Plaintiff first argues that the "statutory preconditions for suspension" were not satisfied and, therefore, that the Commissioner's decision is arbitrary and capricious. Specifically, he argues that the per se law (14-227 (b)) is penal, that penal statutes are to be strictly construed, and that the strict requirements of the law are mandatory. He argues that the record is devoid of evidence showing (1) that the arresting officer's written report of the incident "together with a copy of the completed temporary license form, any operator's license taken into possession and a copy of the results of any chemical test or analysis" was mailed to the Department of Motor Vehicles [the "DMV"], (2) that these materials were mailed "within three business days," and that the arresting officer's report was "sworn to under penalty of false statement as provided in section 53a-157."
Section 14-227b(c), as amended by Public Act 89-314, provides, in relevant part, as follows:
 If the person arrested refuses to submit to [a blood, breath or urine] test or analysis or submits to such test or analysis and the results of such test or analysis indicates that at the time of the alleged offense the ratio of alcohol in the blood of CT Page 2187 such person was ten-hundredths of one percent or more of alcohol, by weight, the police officer, acting on behalf of the commissioner of motor vehicles, shall immediately revoke and take possession of the motor vehicle operator's license. . . . The police officer shall prepare a written report of the incident and shall mail the report together with a copy of the completed temporary license form, any operator's license taken into possession and a copy of the results of any chemical test or analysis to the department of motor vehicles within three business days. The report shall be made on a form approved by the commissioner of motor vehicles and shall be sworn to under penalty of false statement as provided in section 53a-157 by the police officer . . . who administered or caused to be administered such test or analysis.
Upon receipt of the arresting officer's report, the Commission shall suspend the license of the arrested person, who shall automatically be entitled to a hearing prior to the suspension. Connecticut General Statutes 14-227b(d), as amended by Connecticut Public Act No. 89-314, 1 (eff. Jan. 1, 1990).
 The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle or for assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle.
Connecticut General Statutes 14-272b(f), as amended by CT Page 2188 Connecticut Public Act No. 89-314, 1 (eff. Jan. 1, 1990).
The Connecticut Supreme Court has recently analyzed the license suspension procedure in 14-227b, noting that it is an "administrative procedure" not a "criminal proceeding." Volck v. Muzio, 204 Conn. 507, 515, 516 (1987). Discussing the statute's legislative history, the court noted that both the 1963 and 1967 amendments to the statute "indicate the intent of the legislature to make the issue of license suspension . . . independent of the outcome of the trial of the charge of operating under the influence. . . ." Id. at 515; State v. Hanusiak, 4 Conn. Cir. Ct. 34, 39 (App.Div. 1966) (suspension mandatory under 14-277b, even though license holder found not guilty of charge under 14-227a, because he refused to take one of the blood alcohol tests).
"The link between the criminal proceeding and suspension of an operator's license was further attenuated in 1980 when the statute was amended to remove a provision inserted in 1967 that had made the license suspension provisions of 14-227b
inapplicable `if the charge for which such person was arrested is nolled or changed.'" Volck, supra, 515 (citation omitted). "In 1981 another amendment wholly removed the initial resolution of the license suspension issue from the judicial system and created the present administrative procedure of the department of motor vehicles. . . ." Id. (citation omitted). "This amendment imposed the restriction, now contained in subsection (d) [since changed to subsection (f)] of 14-227b, limiting the scope of the license suspension hearing to the four issues of probable cause, arrest, . . . testing, and operation of a motor vehicle." Id. at 515-16 (citation omitted). In the instant case, the Commissioner found against plaintiff on each of these four issues. (Amended Record, Item 2)
"Subsection (c) was added to 14-227b in 1981 when the issues related to suspension were removed from the criminal setting and transferred by subsection (d) to the department of motor vehicles for administrative determination." Id. at 517 (citation omitted). "The restriction of the license suspension hearing to the four issues contained in subsection (d) [now contained in subsection (f)] indicates that compliance with subsection (c) was not intended to be a prerequisite for a suspension." Id. The failure to comply with the provisions of subsection (c) is not a sufficient ground for overturning the determination that plaintiff's license should be suspended. Id. at 518. Therefore, even if the provisions of subsection (c) were not satisfied, such failure does not constitute grounds for sustaining this appeal.
Furthermore, plaintiff has offered no evidence that the CT Page 2189 requirements of subsection (c) have not been satisfied. Plaintiff has the burden of proving that the Commissioner acted contrary to law and in abuse of his discretion. Demma v. Commissioner of Motor Vehicles, 165 Conn. 15, 16-17 (1973). The silence of the record as to an issue does not satisfy plaintiff's burden of proof. See Grillo v. Zoning Board of Appeals, 4 Conn. App. 205, 207 (1985) (record silent as to whether commissioner who missed public hearing acquainted himself with record). "Public officials are presumed to have done their duty until the Contrary appears." Leib v. Board of Examiners for Nursing, 177 Conn. 78, 83 (1979).
As to plaintiff's claims that the provisions of subsection (C) concerning the mailing of the arresting officer's report were not satisfied, plaintiff only offers the silence of the record as proof. As already noted, the suspension hearing is limited to the four issues set out in subsection (f). Volck, supra, 517. Therefore, the admission of evidence concerning subsection (c) procedures is not required. Plaintiff has failed to sustain his burden of proving that the mailing procedures of subsection (c) were not satisfied.
Regarding plaintiff's claim that the police report was not sworn to under oath as required by 53a-157, the report bears the signature of the arresting officer and states "Subscribed and sworn to before me" next to the signature of the sergeant who signed as the "person administering oath." (Record, Item 2, p. 2) Section 3a-157 states
 (a) A person is guilty of false statement when he intentionally makes a false written statement under oath or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable, which he does not believe to be true and which statement is intended to mislead a public servant in the performance of his official function.
 (b) False statement is a class A misdemeanor.
Connecticut General Statutes 53a-157 (Rev'd to 1989) (emphasis added). Therefore, it is submitted that when one swears under oath, he swears under penalty of false statement. See Appletree v. City of Hartford, 555 F. Sup. 224, 227 (D.Conn. 1983) (discussing 53a-157; requiring signature under oath assures that individual signing is aware of penalties of making false statements). As 14-227b(c) amended by Public Act 89-314, only CT Page 2190 requires the report of the arresting officer to be "sworn to under penalty of false statement as provided in 53a-157 . . .," and the arresting officer's report indicates that it was sworn to under oath, the report was "sworn to under penalty of false statement." See Id.
Plaintiff also argues that the "per se law violates [his] right to due process of law." Plaintiff claims that the law "offends due process because it sanctions the revocation of driver's licenses without an effective hearing."
"Implied consent" statutes, such as 14-227b, "have been invariably upheld as a valid exercise of the police power in protecting the safety of the public, in its legitimate use of public highways, against intemperate, disciplined and dangerous operators." State v. Hanusiak, 4 Conn. Cir. Ct. at 40-1 (and cases cited — therein). However, a state's driver's license revocation proceeding must comport with due process standards. Lawrence v. Koslowski, 171 Conn. 705, 716 n. 8 (1976) (citing, inter alia, Bell v. Burson, 402 U.S. 535,91 S.Ct. 1586, 29 L.Ed.2d 90 (1971)). "`Due process of law requires not only that there be due notice of the hearing but that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence.'" Huck v. Inland Wetlands 
Watercourses Agency, 203 Conn. 525, 536 (1987) (citations omitted).
AlSO, "when the grant, denial or renewal of a license is required to be preceded by notice and opportunity for hearing, the provisions of [the UAPA] concerning contested cases apply." Connecticut General Statutes 4-182 (a) (Rev'd to 1989). "In a contested case, each party and the agency . . . shall be afforded an opportunity . . . (2) at a hearing, to respond, to cross-examine other parties, interveners, and witnesses, and to present evidence and argument on all issues involved." Connecticut General Statutes 4-177c(a) as amended by Connecticut Public Act No. 89-174, 1 (eff. July 1, 1989). "In contested cases: . . . (3) when a hearing will be expedited and the interests of the parties will not be prejudiced substantially, any part of the evidence may be received in written form;. . . ." Connecticut General Statutes 4-178 (3), as amended by Connecticut Public Act No. 88-317, 14 (eff. July 1, 1989). "`The procedures required by the UAPA exceed the minimal procedural safeguards mandated by the due process clause.'" Leib, 177 Conn. at 83 (appeal from action revoking nursing license).
Plaintiff claims that due process requires that he be CT Page 2191 afforded "the right to confrontation." He claims that the state did not produce the arresting officer and that he was substantially prejudiced by the admission of arresting officer's report without having an opportunity to cross-examine the officer because the report was not executed and transmitted to the DMV with the formalities set forth in 14-227b(c), as amended by Public Act 89-314, and, therefore, lacked sufficient indicia of reliability.
It has already been submitted that plaintiff has not met his burden of proving that the arresting officer's report was not transmitted to the DMV in accordance with 14-227b(c), as amended. It has also been submitted that the report was sworn to under penalty of false statement as required by 14-227b(c), as amended.
Furthermore, discussing portions of 14-227b(c) which relate to execution, as opposed to transmission, of the arresting officer's report, the Supreme Court has stated: "[The] evident purpose [of subsection (c)] is to provide sufficient indicia of reliability so that the report can be introduced in evidence as an exception to the hearsay rule, especially in license suspension proceedings, without the necessity of producing the arresting officer. Subsection (c) is analogous to other statutes that provide for the admissibility of documents certified by a proper official." Volck,204 Conn. at 518; see also Conn. Agenies Regs. 14-227b-19 (eff. Jan. 1, 1990) (arresting officer's report admissible if conforms to requirements of 14-227b(c)). "Substantial prejudice," within the meaning of 4-178 (3) of the UAPA, arises only when hearsay evidence is "insufficiently trustworthy to be considered substantial evidence." Carlson v. Kozlowski, 172 Conn. 263, 267
(1977) see also Altholtz v. Dental Commission, 4 Conn. App. 307,311-13 (1985).
Applying the standard used by the courts to determine the trustworthiness of hearsay evidence in an administrative hearing see Carlson, supra, 267-68 Altholtz, supra, 312-13 plaintiff was not "substantially prejudiced." While it can be said that the arresting officer has an interest in the case by virtue of the fact that it is his report which sets the procedures which may lead to suspension in motion, it has already been submitted that his report was properly signed and sworn to under oath. See Carlson, supra, 267; Altholtz, supra, 312; see also Volck, supra, 518. The report was based on personal examination, included results of accepted testing procedures (intoximeter and field tests) and contained no facial inconsistencies. (Record, Item 2) See Carlson, supra, 267; Altholtz, supra, 312. Therefore, the report provides sufficient indicia of reliability to be considered substantial evidence. CT Page 2192
Furthermore, plaintiff had the opportunity himself to subpoena the arresting officer. The temporary license issued to plaintiff clearly states plaintiff "may request that the arresting officer and any other witness be present at the hearing. . . ." (Amended Record, Item 1) Also, the notice of hearing states that the hearing would be conducted in accordance with, inter alia, 14-227b-1 through 14-227b-29 of the Regulations. (Record, Item 1) Section 14-227b-18) provides:
 Attendance of arresting officer at hearing (a) At the hearing the commissioner shall not require the presence and testimony of the arresting officer, or any other person, but the hearing officer may make an appropriate order, as authorized by Section 14-110 of the General Statutes, to obtain the testimony of such arresting officer or other witness, if the same appears necessary to make a proper finding on one or more of the issues stated in Section 14-227b(f) of the General Statutes, as amended by Section 1 of Public Act 89-314. (b) A person arrested for an enumerated offense may at his own expense and by his own solicitation summon to the hearing the arresting officer and any other witnesses to give oral testimony. The failure to appear at the hearing of any witness summoned by the person arrested shall not be grounds for such person to request a continuance or dismissal of the hearing. (c) If a person arrested for an enumerated offense wishes to summon to the hearing the arresting officer or any other witness, but such person is indigent, such person must file with the commissioner a sworn affidavit stating facts proving such indigency, at least seven days prior to the hearing. In such case the commissioner shall summon such arresting officer or witness to the hearing.
Thus, plaintiff had the opportunity to confront and cross-examine the arresting officer but failed to utilize it. See Altholtz, 4 Conn. App. 309, 312. Nor, when plaintiff testified, did he claim that the report was inaccurate. (Record, Item 3) See Id. at 309, 313.
Therefore, the report was properly admitted into evidence without the testimony of the arresting officer and that CT Page 2193 plaintiff was not "substantially prejudiced" by the receipt of evidence in written form. Plaintiff was not deprived of his due process rights and that 14-227b, as amended, does not sanction the revocation of licenses without an effective hearing.
Lastly, plaintiff claims that "the per se law improperly delegates quasi-judicial power to the arresting officer" because the power to revoke an operator's license is given in the first instance to the arresting officer.
A. "quasi-judicial proceeding is one `which may constitutionally be exercised either by the courts or by an administrative tribunal. . . .'" Mangan v. Anaconda Industries, Inc., 37 Conn. Sup. 38, 44 (Sup.Ct. 1980) (quoting Norwalk v. Connecticut Co., 88 Conn. 471, 478 (1914)). "Those administrative agencies which are `called upon to weigh evidence and to reach conclusions' have been defined as acting in a quasi-judicial capacity." Id. at 43 (citing Adam v. Connecticut Medical Examining Board, 137 Conn. 535, 537 (1951)). That definition "encompasses those . . . agencies that exercise `discretion in the application of legal principles to varying factual situations and requires notice and hearing.'" Id. (citation omitted).
Section 14-227b, as amended by Public Act 89-314 provides that "[i]f . . . the results of [a blood, breath or urine] test or analysis indicates . . . a ratio of alcohol in the blood . . . [of] ten-hundredths of one percent or more of alcohol, by weight, the police officer, acting on behalf of the commissioner of motor vehicles, shall immediately revoke and take possession of the . . . license. . . ." This language does not require the officer to weigh evidence, exercise discretion, or apply legal principles. Nor does the statute require notice and a hearing at this stage. Rather, the officer is commanded to revoke the license upon objective test results. The suspension proceedings which follow are the province of the Commissioner, who does properly act in a quasi-judicial capacity. See Dan M. Creed, Inc. v. Tynan, 151 Conn. 677, 699, 700 (1964).
Therefore, 14-227b, as amended, does not unconstitutionally delegate quasi-judicial powers to the arresting officer.
For the foregoing reasons the appeal is dismissed.
Howard F. Zoarski, Judge