[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiffs from the denial of a wetlands permit by the Old Lyme Conservation Commission (Commission) under the authority of Section 22a-43 of the CT Page 8980 Connecticut General Statutes.
Both parties filed excellent memoranda of law with regard to their respective positions and oral argument was held on October 1, 1991, before the Court. At that time, exhibits were received, including the plaintiffs' deed to the premises which were the subject of the permit application. As a result of the evidence received, the Court finds the plaintiffs to be the owners of the affected property and further that the plaintiffs are aggrieved.
Factually, it appeals from the Return of Record and the additional evidence received at the hearing that the plaintiffs, since 1946, have been the owners of an unusually shaped lot about 50 feet wide and over 400 feet long contained in a Residential 10 zoning district where single-family residence development only is permitted. Sometime in 1987, the plaintiffs filed an application for a wetlands permit of the Commission which was denied. A second application was forwarded to the Commission based upon the same site plan with a forwarding letter of June 15, 1989. (Return of Record Item 19.) The request is to construct a residence with two bedrooms and includes the location of a septic system. The entire lot consists of land that is either designated wetland or within the 100-foot regulated area beyond the wetland boundary. The plan itself calls for the location of the house and septic system to be entirely in the 100-foot regulated area beyond the wetland boundary. No construction has been proposed within the actual wetlands except that a pipe would be required to go through the wetlands if the reserve septic site were required to be developed at some later date.
After a public hearing, the Commission unanimously denied the inland wetlands permit. (Return of Record Item 23.) The "main points" of the reasons for the denial, as indicated in the Commission's minutes, were as follows:
 "1) The area of the proposed construction which is close to the wetland, which would have an impact on it,
 2) however, the wetland existed, it was part of a major system with considerable water flow to bring water into a large important area downstream,
 3) there were options, such as making changes in the boundary terrain or the dimensions of the uplands, which might be changed by excavation and filled. CT Page 8981 This was one option that the Commission felt was a possibility and to which no consideration had been given."
From that decision, the applicant Strong took this appeal to the Superior Court.
The plaintiffs, in their memorandum of law and oral argument, have essentially advanced to considerations for the Court's review. First, that the decision of the Commission was arbitrary, capricious, illegal and constituted an abuse of its discretion because there was no proper reason given for the denial, and if there was a reason, there was no substantial evidence in the record to support the decision. Secondly, the argument is advanced that the Commission's decision constituted a taking of the plaintiff's property without just compensation in violation of the Constitution under the circumstances here.
As pointed out by the Commission in its brief, it is well settled that the standard of review in these cases limits the Court to a determination of whether there has been substantial evidence which reasonably supports the decision of the Commission. Feinson v. Conservation Commission, 180 Conn. 421,425 (1980). Where the record does contain substantial evidence for the consideration of the Commission, the Court is not permitted to substitute its judgment for that of the Commission. Frito-Lay, Inc. v. Planning and Zoning Commission,206 Conn. 554, 572 (1988). The reviewing court does not try the matter de novo. Denby v. Commissioner, 6 Conn. App. 47, 52
(1986). Applying these considerations the question is not whether the trial court would have reached the same conclusion, but whether the record before the commission supports the conclusion which it reached. Altholtz v. Dental Commission, 4 Conn. App. 307, 310 (1985).
In this case, because the Court finds the first argument to be dispositive, no consideration need be given to the "taking" claim.
When reviewing the transcripts of the public hearings and comparing the information presented on the public record with the reasons for the denial (including the memorandum attached), it is difficult to determine how the Commission members arrived at the material indicated in the decision; The Court, in fact, finds that there is no substantial evidence in the record to support the decision of the Commission. This case closely approximates the situation in the case of Tanner v. Conservation Commission, 15 Conn. App. 336
CT Page 8982 (1988), where the Appellate Court found that the commission acted arbitrarily in ignoring all expert testimony and relying apparently on the personal knowledge of the members. In this case, the Commission gave no notice to the applicant of its viewing of the property, nor was the applicant given any indication on the record of what information was gleaned by the Commission members during their viewing so as to have the opportunity to meet that point at the hearing. The only experts to testify were the two engineers of the applicant. The only other witness to appear before the Commission at the hearing was an attorney for a neighbor who essentially set forth various worries and concerns most of which were discussed by the applicant's engineers. In any event, the other witness provided no substantial evidence which would provide a basis to support the decision of the Commission.
As pointed out by the applicants in their brief, Inland Wetland Commissions "are not little environmental protection agencies." Connecticut Fund for the Environment, Inc. v. Stamford, 192 Conn. 247, 250 (1984). There must be substantial evidence to support the Commission's decision. Feinson v. Conservation Commission, 180 Conn. 421 (1980). Although expert testimony is important, ". . .nonexperts may offer reliable and substantial evidence. . ." Kaeser v. Conservation Commission, 20 Conn. App. 309, 315 (1989). The Appellate Court explained this distinction as follows: "We do not agree. . .that, in technically complex matters, expert testimony is the only acceptable substantial evidence. . . .In Feinson, the court was concerned with fundamental fairness. (citation omitted). An agency decision must be based on reliable evidence made public and the applicant must have an opportunity to respond to agency concerns." Id. at 314.
In the Tanner case, the Appellate Court said, ". . .while we recognize that an administrative agency is not required to believe any of the witnesses, including expert witnesses, it must not disregard the only expert evidence available on the issue when the Commission members lack their own expertise or knowledge. . ." Tanner v. Conservation Commission, supra, 341.
The Commission in its brief and argument, while suggesting that the hearings were "contested," has pointed to no evidence other than the attorney for the neighbor who merely expressed vague concerns for possible problems.
If the Commission had claimed to have relied on some special knowledge or expertise which it had, it failed to share that with the applicant at the hearing in order to CT Page 8983 provide the applicant with an opportunity for rebuttal. The applicant and their engineers provided an analysis of three alternatives to the Commission at the hearing with the most desirable alternative contained in the application site plan. No evidence was received indicating that the alternative being proposed by the applicant would adversely impact the wetlands or would cause any leachate seepage or otherwise create an ecologically undesirable result. There is simply no evidence in the record to support the analysis which the Commission included by reference as part of its decision.
Based upon this analysis, the Court determines that, there being only one reasonable result for the Commission to have taken, the appeal is sustained and the case is remanded to the Commission with instructions to grant the inland wetlands permit sought by the applicants.
LEUBA, J.