[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Introduction
This action concerns an appeal of a decision by the defendant Commissioner of Motor Vehicles in suspending the plaintiff's driver's license under Connecticut's implied consent law, General Statutes 14-227b. On or about March 20, 1991, the plaintiff was arrested in East Hampton and charged with violating General Statutes 14-227a. On March 26, 1991, he was advised that his motor vehicle driver's license would be suspended for a period of six months for his failure to take a chemical test. He requested a hearing and subpoenaed police officer Martin Swan. The officer failed to appear at the hearing on April 19, 1991 and on April 20, 1991, Hearing officer Barry Goodberg suspended the plaintiff's license. The plaintiff moved to reconsider but said relief was denied on April 25, 1991. This appeal was taken and the plaintiff's motion to stay the suspension was at first granted but, after hearing, denied by Aronson, J.[1]
CT Page 374
 II.
Discussion
1.
This court heard no specific evidence on aggrievement but as the defendant admitted the plaintiff's allegation that his license was suspended, this court finds the plaintiff aggrieved. See Tarascio v. Muzio, 40 Conn. Sup. 505, 507
(1986).
2.
The public hearing was held on April 19, 1991 with only four persons attending: the hearing officer, the plaintiff, his attorney, and a stenographer. The Department was not represented by any individual. The hearing officer entered, over objection by the plaintiff, as one exhibit (A), the police reports of officers Michael Green and Martin Swan. (Return Item 3, p. 3). The plaintiff had subpoenaed Officer Swan but not Officer Green. The record indicates that the police reports are in conflict as to exactly who was the arresting officer. He objected to the introduction of the one exhibit on due process grounds since he was denied the right to cross examine Officer Swan.
Arrest reports can be admitted into evidence as an exception to the hearsay rule in license suspension proceedings without the necessity of producing the arresting officer. Volck v. Muzio, 204 Conn. 507, 518 (1987). Indeed, section 14-227b-19 of the Departments' rules provide for this practice: "[t]he written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of section 14-227b(c) of the General Statutes." The relevant portions of that statute are the third and fifth sentences, which state:
 The report shall be made on a form approved by the commissioner of motor vehicles and shall be sworn to under penalty of false statement as provided in section 53a-157 by the police officer before whom such refusal was made or who administered or caused to be administered such test or CT Page 375 analysis. . . . The report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person . . . for operating a motor vehicle while under the influence of intoxicating liquor, and shall state that such person had refused to submit to such test or analysis when requested by such police officer to do so. . . . General Statutes 14-227b(c).
The rule is not without exception however. The hearing notice indicated that the procedure would be governed by the Uniform Administrative Procedures Act ("UAPA", General Statutes 4-166 et seq.), and the Department's regulations or rules of practice (General Statutes 14-4a; RCSA 14-137-36 to 139; 14-227b-1 through 14-227b-29). Under the UAPA, this matter, as it involves a license, falls under the rules of a contested case, General Statutes 4-182(a). Section 4-177c
states that "in a contested case, each party . . . shall be afforded the opportunity . . . at a hearing to respond, to cross examine other parties . . . and witnesses and to present evidence and argument on all issues involved." Section 4-178(5) states that "a party . . . may conduct cross examinations required for a full and true disclosure of facts."
Section 14-227b-18 states:
 Attendance of arresting officer at hearing (a) At the hearing the commissioner shall not require the presence and testimony of the arresting officer, or any other person, but the hearing officer may make an appropriate order, as authorized by Section 14-110 of the General Statutes, to obtain the testimony of such arresting officer or other witness. If the same appears necessary to make a proper finding on one or more of the issues stated in Section 14-227b(f) of the General Statutes, as amended by Section 1 of Public Act 89-314.
 (b) A person arrested for an enumerated offense may at his own expense and by his CT Page 376 own solicitation summon to the hearing the arresting officer and any other witnesses to give oral testimony. The failure to appear at the hearing of any witness summoned by the person arrested shall not be grounds for such person to request a continuance or dismissal of the hearing.
 (c) If a person arrested for an enumerated offense wishes to summon to the hearing the arresting officer or any other witness, but such person is indigent, such person must file with the commissioner a sworn affidavit stating facts proving such indigency, at least seven days prior to the hearing. In such case the commissioner shall summon such arresting officer or witness to the hearing.
It is clear that the plaintiff is afforded a right to cross examine witnesses. While proceedings before an administrative board are informal, "the guiding rule is that, at the hearing, `no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary or to be fairly apprised of the facts upon which the board is asked to act.'" Welch v. Zoning Board of Appeals,158 Conn. 208, 213 (1969) citing Parsons v. Board of Zoning Appeals, 140 Conn. 290, 293 (1953). This rule was reemphasized in Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 536 (1987): "[d]ue process of law requires not only that there be notice of the hearing but that at the hearing the parties involved have a right to produce relevant evidence and an opportunity to know the facts on which the agency is asked to act, to cross examine witnesses and to offer rebuttal evidence."
This case is distinguished from Volck, supra, Welch, supra, and others in which no objection was made at the hearing. See also, Altholtz v. Dental Commission, 4 Conn. App. 307,309 (1985). The plaintiff has also referred to Dowling v. Commissioner of Motor Vehicles, 4 Conn. L. Rptr. No. 1, 26 (May 20, 1991) Barnett, J.; Marshall v. Delponte, Sup.Ct. No. 3095-87, J.D. New Haven, (May 14, 1991), Clark, J., aff'd27 Conn. App. 346 (1992), and Lee v. DelPonte,2 Conn. L. Rptr. 376 (October 15, 1990), Zoarski, J., three suspension cases CT Page 377 in which no subpoena had issued to compel attendance.
Having been denied his right to cross examine Officer Swan for the purpose, inter alia, of determining exactly who was the arresting official (Return Item 3, p. 7), the plaintiff must prevail in this case. The hearing officer/defendant[2] moved the admission of all the reports as one exhibit. Had a different course of action been taken, i.e., the admission of the reports separately, maybe the result would be different. By intermingling the exhibits together, the objection to the exhibit was well taken. It was not simply a situation of cumulative evidence as Officer Green's report was not separately entered in evidence. Pisel v. Stamford Hospital, 180 Conn. 314, 327 (1980).
 III.
Conclusion
Our Supreme Court has noted that "a state's driver's license revocation proceeding must comport with due process standards." Lawrence v. Kozlowski, 171 Conn. 705, 716 n. 8 (1976) citing Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586,29 L.Ed.2d 90 (1971). The instant proceeding did not and, as such, the appeal is sustained and the suspension order is reversed.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT