[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Walter and Maxine Heck, were issued a cease and desist order by the Westbrook Zoning Enforcement Officer. They appealed to the Westbrook Zoning Board of Appeals (ZBA) which sustained the decision of the Zoning Enforcement Officer. The plaintiffs appeal to the superior court. For the reasons stated below, the appeal is dismissed.
I. FACTS
Maxine Heck and Walter Heck, the named plaintiffs, operate a retail lobster business from the property at 406 Spencer Plain Road in Westbrook, Connecticut, which is the subject of this appeal. (Return of Record [ROR], Items 16, 17). A cease and desist order was issued on May 1, 1996, by James Taylor, the Zoning Enforcement Officer for the town of Westbrook, ordering the Hecks to stop the retailing of lobster, remove a non-permitted sign and remove unregistered motor vehicles. (ROR, Item 20). The Hecks appealed to the Westbrook Zoning Board of Appeals (ZBA). (ROR, Item 1).
The ZBA held hearings on May 28, 1997 and June 25, 1997. (ROR, Item 12). At the hearings, evidence was given as to whether the property owned by the Hecks was in use for the purpose of lobster retailing prior to the enactment of the zoning provisions in question, therefore giving it status as a permissible non-conforming use. (ROR, Item 12). Evidence was also given as to whether the use of the property by the Hecks amounted to an unlawful expansion. (ROR, Item 12). Deeds were submitted showing CT Page 2471 ownership by Walter Heck, and later by his wife, Maxine Heck. (ROR, Item 17).
In this case, the regulations were enacted on August 28, 1956. (ROR, Item 5). Mr. Heck testified that he started selling lobsters from his home in 1949, with his wholesale business starting in 1961. (ROR, Item 16). Other individuals testified about buying lobster from the Hecks, as well as the nature of the business conducted there.(ROR, Item 12). Also testifying at the hearing was Mrs Rettick, an abutting landowner, who testified that the operations at the lobster plant had grown over the years, essentially amounting to an impermissible expansion of a non-conforming use.(ROR, Item 12). Photographs were admitted into evidence, some from an earlier hearing, showing large delivery trucks at the subject property. (ROR, Item 25). Bruce D. Holbrook, the original chairman of the Planning and Zoning Commission, submitted a letter stating that at the time of the enactment of the regulations in 1956, it was recognized that the Hecks operated a legitimate non-conforming use at the subject property. (ROR, Item 14).
On June 25, 1997, three members of the Board voted to sustain the appeal while two voted to sustain the order of the zoning enforcement officer (ZEO).(ROR, Item 24). Because General Statutes § 8-7 requires a four member vote to reverse the order of the ZEO, the appeal was denied. Notice of the decision was published on July 5, 1997 in the Pictorial Gazette.(ROR, Item 11). This appeal was served on the Westbrook Zoning Board of Appeals on July 10, 1997. (Sheriff's Return of Service).
II. AGGRIEVEMENT
General Statutes § 8-8 provides that "any person aggrieved by any decision of a board may take an appeal to the superior court. . . ." General Statutes § 8-8. "[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly. Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192,67 A.2d 831 (1996). An owner of property that is the subject of a board decision is aggrieved and entitled to bring an appeal.Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 303, 308, 592 A.2d 953 (1991). "At least one plaintiff must establish aggrievement for the court to have subject matter jurisdiction over the appeal." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 32.3, p. 530. CT Page 2472
Deeds were submitted showing that Maxine Heck is the current owner of the subject property which was quitclaimed to her by Walter Heck on June 30, 1997. (ROR, Items 17 and 27). Accordingly, this court finds that the Maxine Heck, as the current owner of the property, is aggrieved.
III. TIMELINESS
General Statutes § 8-8(b) provides that the appeal must "be commenced by service of process . . . within fifteen days from the date that notice of the decision was published . . ." See General Statutes § 8-8 (b), (e) and (f). The Board published notice of its decision in the Pictorial Gazette on July 5, 1997. (ROR, Item 11). This appeal was served on Chairman John Hall, III and on Tanya D. Lane, Town Clerk on July 10, 1997. (Sheriff's Return of Service). Accordingly, this court finds that the appeal is timely.
Because the plaintiffs are aggrieved and this appeal was timely served on the proper parties, this court has jurisdiction.
IV. SCOPE OF REVIEW
A zoning board of appeals conducts a de novo hearing on an appeal from an action of a zoning enforcement officer. Caserta v.Zoning Board of Appeals, 226 Conn. 80, 88-89, 626 A.2d 744
(1993). "[S]uch a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal . . . . the burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Alterations in original) Franciniv. Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519
(1994). "The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." Adolphson v. Zoning Board ofAppeals, 205 Conn. 703, 707, 53 A.2d 799 (1988). "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing." Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206,658 A.2d 559 (1995). CT Page 2473
V. DISCUSSION
The Hecks make two claims in their appeal. Their first claim is that the decision of the ZBA is illegal, arbitrary and in abuse of discretion because it is not supported by substantial evidence. Their second claim is that General Statutes § 8-7
is unconstitutional because it deprives them of their property rights without due process of law.
A. The plaintiff's first argument is that the decision of the board should not be sustained on appeal because it is not supported by substantial evidence. The question before the board was whether the Hecks had a non conforming use at the time of the enactment of the regulations and whether the use has been unlawfully extended. This issue was treated in a summary manner in both the written briefs and in oral argument before this court.
A nonconformity is defined as a "use or structure prohibited by the zoning regulations but . . . permitted because of its existence at the time that the regulations are adopted."Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 710,53 A.2d 799 (1988). Nonconforming uses are protected by General Statutes § 8-8 which provides that zoning regulations "shall not prohibit the continuance of any nonconforming use, building or structure, existing at the time of the adoption of such regulations." General Statutes § 8-8.
"The plaintiffs have the burden of proving the existence of such a nonconforming use." Pleasantview Farms Development Inc. v.Zoning Board of Appeals, 218 Conn. 265, 272, 519 A.2d 49 (1980). "For a use to be non-conforming under Connecticut case law, that use must possess two characteristics. First, it must be lawful; and second, it must be in existence at the time that the zoningregulation making the use nonconforming was enacted." (Emphasis added) Helicopter Associates. Inc. v. Stamford, 201 Conn. 700,712, 519 A.2d 49 (1986). "[A] mere increase in the amount of business done pursuant to a nonconforming use is not an illegal expansion of the original use. . . . A change in the character of a use, however, does constitute an unlawful extension of the prior use." Id., 716.
At the hearings evidence was heard by the ZBA as to whether the lobster business predated the zoning regulations and whether CT Page 2474 there had been an impermissible expansion of the use over the years. Various residents testified that they bought lobster from the Hecks over the years. (ROR, Item 12). The main evidence in favor of the Hecks was a letter from John Holbrook of the original Westbrook Planning and Zoning Commission stating that the Hecks were recognized as "actively conducting business" from their home at the time of the enactment of the regulations. (ROR, Item 2).
Testimony of an impermissable expansion was offered. Testimony was given by Mrs. Rettick, an abutting landowner, that the business at the property had increased substantially over the years. (ROR, Item 3). Mrs Rettick also submitted aerial photographs of the property showing an increase in the number of buildings and tanks on the property. (ROR, Item 3). Photographs were submitted showing large trucks at the subject property. (ROR, Item 25).
The Westbrook ZBA was free to conclude, based on the conflicting evidence given at the hearings, that the Hecks had failed to prove a the existence of a valid nonconforming use or an impermissable expansion of that nonconforming use. "The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency."DeBeradinis v. Zoning Comm., 228 Conn. 187, 635 A.2d 1220 (1994). Accordingly, this court finds that the decision of the ZBA was supported by substantial evidence.
B. The plaintiff's second claim is that the four-vote majority requirement contained in General Statutes § 8-7 is unconstitutional. "Statutes are presumed valid and will be upheld unless the plaintiff overcomes the presumption of validity and proves that the statute or regulation clearly violates constitutional principles." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 36.6, p. 631. "[T]he party attacking a validly enacted statute . . . bears the heavy burden of proving its unconstitutionality beyond a reasonable doubt and we indulge in every presumption in favor of the statute's constitutionality." State v. Payne, 240 Conn. 766,777, 695 A.2d 525 (1997).
General Statutes § 8-7 provides in pertinent part that: "The concurring vote of four members of the Zoning Board of Appeals shall be necessary to reverse any order requirement or decision of the official charged with the enforcement of the CT Page 2475 zoning regulations . . ." General Statutes § 8-7. "For the zoning board of appeals, four affirmative votes are required by section 8-7 of the General Statutes for it to reverse a decision of the zoning enforcement officer or to approve a variance or a special permit." R. Fuller, 9 Connecticut Practice Series (1993) § 21.3, p. 374. Where the four votes required for reversal are not achieved, the order of the zoning enforcement officer remains intact. Oczkowski v. Oxford Zoning Board of Appeals, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 44041, (May 3, 1995).
"In order to prevail on their due process claim, the plaintiffs must prove that: (1) the property interest they assert is cognizable under the due process clause; (2) they have been deprived of that property interest; and (3) the deprivation of the property interest has occurred without due process of law."Double I Limited Partnership v. Plan Zoning Commission,218 Conn. 65, 76, 588 A.2d 624 (1991).
"Property interests are more than abstract needs, desires or unilateral expectations of benefits or privileges. Rather, a person must have a legitimate claim of entitlement to a benefit or privilege to have a property interest in that benefit. . . . Property interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." (Internal citations omitted; Internal quotation marks omitted) Double I Limited Partnership v. Plan ZoningCommission, 218 Conn. 65, 77, 588 A.2d 624 (1991). "[A] lawfully established nonconforming use is a vested right and is entitled to constitutional protection." O G Industries. Inc. v. Planning Zoning Comm., 232 Conn. 419, 430, 655 A.2d 1121 (1995). "[A]ny provision of a statute or ordinance which takes away that right in an unreasonable manner, or in a manner not grounded on the public welfare, is invalid." Further, the person claiming the benefit of a nonconforming use bears the burden of proving that the nonconforming use is valid. Cummings v. Tripp, 204 Conn. 67,82-83, 527 A.2d 230 (1987). "The legality of an extension of a nonconforming use is essentially a question of fact." ConnecticutResources Recovery Authority v. Planning and Zoning Commission,225 Conn. 731, 744, 626 A.2d 705 (1993).
The ZBA, in sustaining the order of the ZEO, found that the plaintiffs failed to prove the existence of a valid nonconforming use or in the alternative that there had been an impermissible CT Page 2476 extension of an existing nonconforming use. Thus, the plaintiffs have failed to prove that they possess a constitutionally protected property right. Even if this court assumes, for the purpose of the constitutional argument, the existence of a valid nonconforming use, the plaintiffs have failed to sustain their burden of proving beyond a reasonable doubt that General Statutes § 8-7 deprives them of that right without due process.
General Statutes § 8-7 provides the procedural rights for taking an appeal from an administrative agency decision. "Administrative due process requires, in its essence, that a party be given notice of the case against him and an opportunity to be heard by a fair and impartial body. The procedure must be tailored, in light of the decision to be made, to the circumstances of those who are to be heard to insure that the hearing is, in fact, meaningful." Altholtz v. Dental Commission,4 Conn. App. 307, 313, 493 A.2d 917 (1985).
The purpose of a zoning board of appeals is to "keep the law running on an even keel' by varying, within prescribed limits and consonant with the exercise of a legal discretion, the strict letter of the zoning law, in cases of claims having real merit which can be granted consistently with the spirit and purposes of the general plan. . . . Occasions for the exercise of this function most frequently . . . relate to the restrictions upon continuation and extension of nonconforming buildings and uses. . . . It is required, however, that variations indulged under these powers, including those designed to relieve difficulties or hardships in special instances, shall be in substantial harmony with the general purposes and intent of the ordinance and without undue impairment thereof. It is manifest from the tenor of the zoning act as a whole . . . that the power of authorizing variations from the general provisions of the statute is designed to be sparingly exercised. It is only in rare instances and under exceptional circumstances that relaxation of the general restrictions established by the statute ought to be permitted." Thayer v. Board of Appeals, 114 Conn. 15, (1931). It is well settled that the goal of zoning is to "abolish or reduce nonconforming uses as quickly as the fair interest of the parties will permit." Connecticut Resource Recovery Authority v. Planningand Zoning Commission, 225 Conn., 731, 740 (1993). General Statutes § 8-7, by requiring a four vote majority to overturn the decision of the zoning enforcement officer, assures that the board's authority to grant exceptions to the zoning regulations, is sparingly exercised. The four vote majority places a CT Page 2477 legitimate burden on the person asserting a valid nonconforming use to prove its existence. The plaintiff has failed to sustain its burden of proving the statute unconstitutional beyond a reasonable doubt.
Accordingly, the plaintiff's appeal is denied.
Foley, J.