ALAN J. CARLSON v. EDWARD J. KOZLOWSKI, COMMISSIONER OF MOTOR VEHICLES

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 3, 1976—decision released January 18, 1977

*John F. Gill*, assistant attorney general, with whom, on the brief, was *Carl R. Ajello*, attorney general, for the appellant (defendant).

*Robert M. Zeisler*, for the appellee (plaintiff).

LOISELLE, J. The plaintiff's operator's license was suspended for a period of at least one year by the defendant commissioner of motor vehicles pursuant to General Statutes § 14-111 (c).[1] The plaintiff

---

[1] "[General Statutes] Sec. 14-111. SUSPENSION OR REVOCATION OF REGISTRATION, LICENSE OR RIGHT TO OPERATE. . . . (c) Suspension of license after fatal accident. The commissioner shall not suspend the license of any operator concerned in any motor vehicle accident resulting in the death of any person solely because such death has occurred, unless the facts as ascertained by the commissioner, after a hearing, indicate responsibility on the part of such operator for such accident, and, if, after such hearing, the commissioner finds that such operator has caused or contributed to such death through the violation of any provision of this chapter or of chapter 248 or through negligence or carelessness, such suspension shall be for not less than one year. A motor vehicle parked in a manner permitted by law shall not be deemed to be concerned in such accident."

appealed to the Court of Common Pleas and his appeal was sustained. The commissioner of motor vehicles has appealed from that judgment.

According to its memorandum of decision, the Court of Common Pleas sustained the appeal on the ground that the adjudicator abused his discretion in relying solely on hearsay statements which the court held were not competent evidence. We find that the appeal was properly sustained for another reason. "A judgment responsive to the issues and supported by the facts should stand, even if the court's method of reaching its decision might be questionable." *Malone* v. *Steinberg,* 138 Conn. 718, 723, 89 A.2d 213; see also *Walsh* v. *Turlick,* 164 Conn. 75, 84, 316 A.2d 759.

The adjudicator of the motor vehicle department found that on October 14, 1973, at approximately 1 a.m., the plaintiff's vehicle, traveling south at approximately fifty to fifty-five miles per hour, appeared to jump the red light facing it and crashed broadside into another vehicle. The other vehicle had been heading north and was continuing through the intersection in an attempt to make a left turn and head west, although the traffic light facing it had turned red. A passenger in the other vehicle was killed. The adjudicator concluded that the plaintiff caused or contributed to the death of the passenger. The plaintiff's operator's license was suspended. The only witness who testified at the hearing was a police officer who had arrived at the accident scene within five to ten minutes after the collision. The other evidence, and the only evidence pointing to the plaintiff's culpability, was contained in affidavits of four witnesses to the accident who were not present at the hearing. These affidavits were admitted over the plaintiff's objection.

The hearing, being contested, was subject to the Uniform Administrative Procedure Act, General Statutes §§ 4-166—4-189, § 4-178 of which reads in part as follows: "Any oral or documentary evidence may be received, but the agency shall, as a matter of policy, provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence. Agencies shall give effect to the rules of privilege recognized by law. Subject to these requirements, when a hearing will be expedited and the interests of the parties will not be prejudiced substantially, any part of the evidence may be received in written form."

At the outset, it is noted that evidence in written form is not, as a matter of law, inadmissible in an administrative hearing conducted under General Statutes § 4-178 unless it substantially prejudices a party. The words "substantially prejudice" as they appear in the statute are to be construed according to commonly approved usage of the language; General Statutes § 1-1; *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* 165 Conn. 559, 565, 345 A.2d 520; "[o]r, stated another way, statutory language is to be given its plain and ordinary meaning." *Klapproth* v. *Turner,* 156 Conn. 276, 280, 240 A.2d 886.

Both parties cite *Richardson* v. *Perales,* 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842, in support of their respective positions. There the United States Supreme Court ruled that medical reports, although hearsay, were sufficiently trustworthy to constitute substantial evidence to support the denial of a disability claim. Federal law requires a reviewing court to set aside an agency finding if the finding is not supported by "substantial evidence." 5 U.S.C. § 706 (2) (E). Our statute differs in that it pro-

vides that a court may reverse or modify an agency decision if substantial rights of the appellant have been prejudiced because the administrative findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. General Statutes § 4-183 (g) (5).

This case, however, turns on the authority of a court to reverse an agency decision under § 4-183 (g) (1), where the administrative decision is in "violation of . . . statutory provisions," such as § 4-178 of the General Statutes. On this issue the standard set forth in *Richardson* is not irrelevant. If hearsay evidence is insufficiently trustworthy to be considered "substantial evidence" and it is the only evidence probative of the plaintiff's culpability, its use to support the agency decision would be prejudicial to the plaintiff, absent a showing, which has not been made here, that the appellant knew it would be used and failed to ask the commissioner to subpoena the declarants.[2]

In *Richardson* the United States Supreme Court, in determining that medical reports were trustworthy although hearsay, looked to those factors which assured the underlying reliability and probative value of the hearsay evidence. *Richardson* v. *Perales,* supra, 402. Among the factors which were considered as establishing trustworthiness were: the doctors had no bias or interest in the case; the reports "were based on personal consultation and personal examination and rested on accepted medical procedures"; id., 403; there was no inconsistency on the face of the reports; and written medical reports by treating physicians have long been rec-

---

[2] Section 14-110 of the General Statutes gives the commissioner subpoena power.

ognized by the courts as having inherent reliability and probative worth. The trustworthiness of the hearsay evidence considered in the present case fails to meet the criteria set forth in *Richardson*. Although the declarants were apparently unbiased, the weight accorded their testimony might have been considerably affected by cross-examination. Nighttime observations of an accident at an intersection simply lack the inherent reliability of documents such as medical reports. This hearsay does not rise to the level of the evidence held to be trustworthy in *Richardson*.

The evidence was not directed to a collateral or incidental aspect of the case, but was concerned directly with the matter at issue. Unlike the situation in *Cutlip* v. *Connecticut Motor Vehicles Commissioner*, 168 Conn. 94, 97–98, 357 A.2d 918, where hearsay evidence was received without objection, the plaintiff in this case objected to the admission of the hearsay evidence. And, unlike *Lawrence* v. *Kozlowski*, 171 Conn. 705, 715, 372 A.2d 110, there was no other evidence supporting the conclusion of the adjudicator. It follows that the use of this hearsay evidence substantially prejudiced the plaintiff. The Court of Common Pleas properly sustained the appeal.

There is no error.

In this opinion the other judges concurred.