[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has appealed the defendant commissioner's decision to suspend his operator's license for 90 days pursuant to General Statutes Section 14-227b(h)[1]. The suspension was determined after a hearing. See Id. (d). At the hearing, the arresting officer's report was admitted into evidence over the plaintiff's objection. The plaintiff contends that the commissioner's regulations which permit the report to be introduced without the officer's presence is a procedure not sanctioned by statute and one that violates his right to due CT Page 3395 process as well as the provisions of the Uniform Administrative Procedure Act (General Statutes Sections 4-166-4-189, inclusive).
As in all administrative appeals, the court must rule on the plaintiff's aggrievement before proceeding further. See General Statutes Section 4-183 (a) (appeal may be taken by person aggrieved by final decision of administrative agency). Aggrievement requires a showing that a party's specific, personal and legal interest has been specially and injuriously affected by the administrative decision. Bakelaar v. West Haven, 193 Conn. 59, 65
(1984). The suspension of the plaintiff's license to drive satisfies the criteria for aggrievement. Tarascio v. Muzio,40 Conn. Sup. 505, 507 (1986).
 II.
From the record, it appears that the following matters occurred prior to or at the administrative hearing. On August 10, 1990, the plaintiff was arrested by Officer Bromley of the Watertown Police for operating a motor vehicle while under the influence of intoxicating liquor or drug. The plaintiff submitted to chemical tests the results of which caused Officer Bromley, acting on behalf of the commissioner, to revoke the plaintiff's license and to issue him a temporary license that was valid until September 15, 1990. On August 16, 1990, the plaintiff was notified of his right to a hearing which, in accord with General Statutes Section 14-227b (f) would be limited to four issues: (1) did the police officer have probable cause to arrest the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor or drug; (2) was the plaintiff placed under arrest; (3) did the plaintiff's tests indicate that at the time of the alleged offense the ratio of alcohol in his blood was ten-hundredths of one percent or more of alcohol, by weight; and (4) was the plaintiff operating a motor vehicle.
At the hearing on August 24, 1990, the hearing officer moved the admission into evidence of Officer Bromley's report containing the particulars of the incident underlying the arrest and the test results. Plaintiff's counsel objected on the grounds that "since Officer Bromley is not here to be cross examined on his report," its admission would be a violation of due process and a violation of Uniform Administrative Procedure Act. The objection was overruled with a statement from the hearing officer that "the regulations incident or pursuant to Public Act 89-314[2]
specifically allow for the admission of the report in the absence of the officer."
The hearing officer then proceeded to summarize the report for the record in the following manner: "My review of the document indicates the following: That forty minutes past CT Page 3396 midnight or twenty minutes before one on August 10th 1990 on Main Street in Watertown, a 1989 Ford Pickup with Connecticut markers 81885 was observed, for lack of a better term, burning out from the parking lot of Charles Diekens Pub. The officer's report indicates that he spun the tires and burned rubber upon leaving the parking lot. The vehicle was pursued and stopped approximately one-half mile later. Operator was identified as Mark A. Dowling of 59 Dalton Street, in Oakville. Mr. Dowling is the repondent(sic) here today. In conversing with Mr. Dowling Police Officer Bromley of the Watertown Police Department noted that he had an odor of an alcoholic beverage on his breath and appeared to be slow and unsure in his actions. He was asked to exit the vehicle and perform certain field sobriety tests which he did, however, in Officer Bromely's (sic) opinion, Mr. Dalton failed those tests. He was therefore placed under arrest for driving while intoxicated and he was taken to the Watertown Police Department where he was asked to submit to two breathalyzer tests which he did do. The first was given at 1:28 a.m. on August 10th, showed a blood alcohol content of 0.151. The second test at 2:13 a.m. on the same date with a blood alcohol content of 0.146. Subsequently Mr. Dowling's license was confiscated. He was given a temporary operator's pass, the yellow carbon copy of which is appended to Exhibit A and made a part thereof, as are the two tapes from the intoximeter."
After the hearing officer finished with the report, the plaintiff and a supporting witness testified. The plaintiff admitted operating a motor vehicle. His evidence was offered to refute Officer Bromley's determination of probable cause to arrest. The importance of the report is obvious. It supplied the evidence for the hearing officer's findings on the three issues which were not admitted. General Statutes Section 14-227b(g) provides that if after the hearing any one of the four issues is found in the negative, the commissioner shall reinstate the license.
 III.
Questioned in this proceeding is the validity and constitutionality of Sections 14-227b-18 and 14-227b-19 of the regulations of the Department of Motor Vehicles. Section14-227b-18 is entitled "attendance of arresting officer at hearing" and reads as follows:
 (a) At the hearing the commissioner shall not require the presence and testimony of the arresting officer, or any other person, but the hearing officer may make an appropriate order, as authorized by Section 14-110 of the CT Page 3397 General Statutes, to obtain the testimony of such arresting officer or other witness, if the same appears necessary to make a proper finding on one or more of the issues stated in Section 14-227b (f) of the General Statutes, as amended by Section 1 of Public Act 89-314.
 (b) A person arrested for an enumerated offense may at his own expense and by his own solicitation summon to the hearing the arresting officer and any other witnesses to give oral testimony. The failure to appear at the hearing of any witness summoned by the person arrested shall not be grounds for such person to request a continuance or dismissal of the hearing.
 (c) If a person arrested for an enumerated offense wishes to summon to the hearing the arresting officer or any other witness, but such person is indigent, such person must file with the commissioner a sworn affidavit stating facts proving such indigency, at least seven days prior to the hearing. In such case the commissioner shall summon such arresting officer or witness to the hearing.
Section 14-227b-19 is entitled "admissibility of police report at hearing" and provides that:
 The written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of Section 14-227b(c) of the General Statutes.
General Statutes Section 14-227b(1) empowers the Commissioner of Motor Vehicles to adopt regulations "in accordance with Chapter 54" to implement its provisions. It is well-settled, however, that the power given to an administrative agency to prescribe regulations under a statute is not authority to make law but only the power to carry into effect the will of the legislature as expressed by the statute. Connecticut Hospital Assn. v. Commission on Hospitals Health Care, 200 Conn. 133, 144 (1986). Chapter 54 is the Uniform Administrative Procedure Act. Among its CT Page 3398 provisions is General Statutes Section 4-170 (a) wherein a standing legislative committee was established to review all proposed agency regulations. A regulation cannot become effective unless approved by the standing committee or, if disapproved, by a reversal of the disapproval in the General Assembly. General Statutes Sections 4-170 (b), 4-171.
The regulations recite that they were approved by the standing legislative committee on January 23, 1990. Such approval is support for the commissioner's contention that Sections14-227b-18 and 14-227b-19 comport with the legislative intent manifested in General Statutes Section 14-227b. Phelps Dodge Copper Products Co. v. Groppo, 204 Conn. 122, 129-30 (1987).
Moreover, an examination of Section 14-227b demonstrates a consistency between it and the two regulations. Subsection (c) of the statute provides inter alia that the officer's written report shall be made on a form approved by the commissioner, shall be sworn to under the penalty of false statement; shall set forth the grounds for the officer's belief that there was probable cause to arrest and shall be mailed together with a copy of the temporary license form, the revoked license and a copy of the chemical tests, if any, to the Department of Motor Vehicles within three business days. In construing similar provisions of subsection (c), as existed before the 1989 amendments, our Supreme Court said that "[their] evident purpose is to provide sufficient indicia of reliability so that the report can be introduced into evidence as an exception to the hearsay rule, especially in license suspension proceedings, without the necessity of producing the arresting officer." Volck v. Muzio, 204 Conn. 507, 517-18)1987). Nor is hearsay evidence, as a category, barred by the Uniform Administrative Procedure Act. General Statutes Section 4-178 (3) permits any part of the evidence to be received in written form when a hearing will be expedited and the interests of parties will not be substantially prejudiced.
Once granted, a license to operate motor vehicles becomes an entitlement that cannot be taken away or suspended without procedural due process as guaranteed by the Fourteenth Amendment. Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90
(1971). In claiming a denial of due process, the plaintiff has engaged in a two-step attack. First, he contends that Section14-227b-18 (f) which allows an arrested person to summon the arresting officer or any other witness to the hearing is a regulation enacted without authority because General Statutes Section 4-177b provides that in a contested case "the presiding officer may . . . issue subpoenas. . . ." The second contention appears to be an amalgam of the first and more. The claim is that even if the plaintiff could have summoned the officer, he would be denied due process because his subpoena would shift the burden of proof CT Page 3399 from the commissioner to him. And because the hearing officer accepted the report which was on the approved form, without producing the officer, the plaintiff contends that he was denied the opportunity of confrontation and cross examination.
The first contention is patently incorrect. The statutory authority to subpoena witnesses that is given to hearing officers by General Statutes Section 4-177b and as designees of the commissioner under General Statutes Section 14-110 is not exclusive. The final sentence of Section 4-177b states "Nothing in this section shall be construed to limit the authority of the agency or any party as otherwise allowed by law." At the hearing, the plaintiff was represented by his attorney. Pursuant to General Statutes Section 51-85, attorneys, as commissioners of the Superior Court, are empowered to issue subpoenas to compel the attendance of witnesses and the production of documents in administrative proceedings.[3]
Due process has been described as a flexible standard calling for such procedural protections as a particular proceeding may demand. State v. Floyd, 217 Conn. 73, 88 (1991). The administrative procedure must be tailored, in light of the decision to be made, to the circumstances of those who are to be heard to insure that the hearing is, in fact, meaningful. Mathews v. Eldridge, 424 U.S. 319, 349, 96 S.Ct. 893, 47 L.Ed.2d 18
(1976). Where important issues turn on questions of fact, due process requires an opportunity to confront and cross examine an adverse witness. Goldberg v. Kelly, 391 U.S. 254, 269,90 S.Ct. 1011, 25 L.Ed. 857 (1970). These pronouncements, however, do not mean that an agency cannot receive evidence in written form or that it is the agency that must provide for a witness' presence at a hearing. The admission of written reports does not detract from the fundamental fairness of the administrative procedure when the reports must be material to the issues and when their makers may be subpoenaed and cross-examined. Richardson v. Perales, 402 U.S. 389,410, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).
Richardson v. Perales, supra, involved the admission into evidence of physicians' reports at a Social Security disability hearing. The court's holding, 402 U.S. at 402, that the reports, despite their hearsay character, could constitute the necessary substantial evidence to support a finding adverse to the claimant when he did not exercise his right to subpoena the reporting doctors, and thereby provide himself with an opportunity for cross examination, has been followed in Connecticut. E.g. Atholtz v. Dental Commission, 4 Conn. App. 307, 312-13 (1985) (reports of independent evaluating dentists admitted; plaintiff did not request a subpoena for their presence); Casella v. Civil Service Commission, 4 Conn. App. 353, 360, 366 (1985), aff'd. 202 Conn. 28,33 (1987) (transcript of guilty plea of witness introduced; CT Page 3400 plaintiff made no effort to subpoena witness.)
Perhaps more important is that Carlson v. Kozlowski,172 Conn. 263 (1977), on which the plaintiff relies, does not, when carefully read, depart from Richardson, v. Perales. In Carlson, our Supreme Court decided that affidavits from witnesses to a fatal accident lacked trustworthiness when measured by Richardson's standards.[4] The introductions of the affidavits at the license suspension hearing thus substantially prejudiced the plaintiff and required a reversal. General Statutes Sections4-173 (3), 4-133 (j)(1).[5] Significantly, however, the physical presence of affiants was not deemed an always-indispensable part of the commissioner's case. Instead, the court said "If hearsay evidence is insufficiently worthy to be considered `substantial evidence' and it is the only evidence probative of the plaintiff's culpability, its use to support the agency decision would be prejudicial to the plaintiff, absent a showing, which has not been made here, that the [plaintiff] knew it would be used and failed to ask the commissioner to subpoena the declarants."172 Conn. at 267.[6]
Contrary to what apparently was the situation in Carlson v. Kozlowski, supra, the record, in this case, demonstrates a forewarning to the plaintiff about witnesses. On the reverse side of the temporary license issued to him by Officer Bromley, the following language appeared. "Your attorney may be present at an administrative hearing. Also, you may request that the arresting officer and any other witness be present at the hearing, but you must pay any fees for their appearance. Only if you can provide evidence of indigency will the arresting officer be summoned to an administrative hearing at the expense of the Department of Motor Vehicles." In the subsequent Notice of Hearing that was mailed to the plaintiff on August 21, 1990, he was informed that "[t]his hearing is to be held under the authority of Connecticut General Statutes Section 14-41, and Public Act 89-314; and Regulations of Connecticut State Agencies Section (sic) 14-137-36 to 14-137-39;, and Sections 14-227b-1 through 14-227b-29."
Arguments can certainly be made that the doctors' and dentists' reports in Richardson v. Perales, supra and Altholtz v. Dental Commission, supra were entitled to a greater degree of reliability than Officer Bromley's report. But the court must respect the legislative intention to accord the officer's report the status of a hearsay exception as explained in Volck v. Muzio, supra. Further, an arresting officer by reason of training and experience, not to mention the exposure to liability for false arrest or misrepresentations of fact, has been held to have every incentive to ascertain accurately and truthfully report the facts in the presuspension process of motor vehicle licenses. Mackey v. Montrym,[7] 443 U.S. 1, 14, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979). CT Page 3401 The plaintiff's ability to have subpoenaed Officer Bromley is, of course, undoubted. As for the plaintiff's claim that his attorney's subpoena would have caused a shift in the burden of proof, the answer is that if a voucher-witness rule existed in Connecticut, see Gervais v. Foehrenbach, 149 Conn. 461, 463
(1962), it was abolished by State v. Graham, 200 Conn. 9, 17
(1986).
Under the circumstances of this case, the plaintiff was neither substantially prejudiced nor denied due process by the admission of Officer Bromley's report at the hearing.
 IV.
Having concluded that regulations 14-227b-18 and 14-227b-19
are consistent with the enabling statute, Section 14-227b, and that the applications of the regulations did not substantially prejudice nor deny due process to the plaintiff, the court dismisses his appeal. The order restraining the suspension of the plaintiff's license that was entered when the appeal was initiated is vacated. Costs are taxed in favor of the Commissioner pursuant to General Statutes Section 4-183 (1).
BARNETT, J.
ENDNOTES