[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Stephen Silver appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after being arrested on a charge of operating a vehicle while under the influence of alcohol. The plaintiff appeals CT Page 509-EE pursuant to § 4-183. The court finds in favor of the plaintiff.
The facts essential to the court's decision are not in dispute. Trooper DelVecchia of the state police stopped and arrested the plaintiff on June 5, 1996, charging him with operating a motor vehicle while under the influence of alcohol in violation of General Statutes § 14-227a. In his written report, the trooper states that the plaintiff refused to submit to a chemical test of the alcohol content of his blood. The report contains the signature also of Trooper Dean DuBois as witness to the refusal. The report also contains statements which, if believed, constitute sufficient evidence to support the hearing officer's findings on the other issues specified in § 14-227b(f).
Upon notification by the commissioner that his license would be suspended as a consequence of the refusal, pursuant to § 14-227b, the plaintiff requested a hearing. The department of motor vehicles scheduled the hearing for July 3, 1996. Prior to the hearing, the plaintiff's attorney subpoenaed both troopers, commanding them to appear and testify at the hearing. CT Page 509-FF
At the hearing on July 3, Trooper DuBois appeared and testified, but Trooper DelVecchia, the arresting officer and author of the police report on the A-44 form, failed to appear. During questioning by the plaintiff's attorney, Trooper DuBois made some statements that were arguably inconsistent with the written report of Trooper DelVecchia. The plaintiff objected to the admission of Trooper DelVecchia's report, citing the rule against hearsay and arguing that he was unable to cross-examine the author, although he had attempted to obtain his presence by subpoena. The hearing officer, designated by the commissioner, overruled the objection and determined that the hearing should be continued so that additional attempts could be made to secure that trooper's presence. The plaintiff agreed to the continuance. Accordingly, the hearing officer continued the hearing to July 17, 1996.
Prior to the resumption of the hearing on July 17, the hearing officer delivered by mail to Trooper DelVecchia a subpoena issued pursuant to General Statutes § 14-110, commanding his presence at the hearing on July 17, and the plaintiff's attorney sent the trooper a certified letter informing him that his presence was required by the original subpoena issued by the attorney, CT Page 509-GG which was still viable. These documents were delivered to the trooper's duty station.
At the continuation of the hearing on July 17, 1996, Trooper DelVecchia did not appear. The hearing officer was unable to state why the trooper was not present, and plaintiff's counsel stated that the state police had advised him only that DelVecchia was not on duty that day. The plaintiff, through his counsel, renewed his objection to the admission of DelVecchia's written report. The hearing officer overruled the objection and offered, instead, to continue the hearing to July 20, the last day of the hearing and decision period under §14-227b. That statute required the department to issue a final decision on the license suspension on that date or reinstate the license. The hearing officer conditioned the further continuance of the hearing on the plaintiff's waiver of the automatic reinstatement provision in the statute. The plaintiff refused to waive the statute.
The hearing officer proceeded with the hearing. Plaintiff's counsel made an offer of proof with respect to Trooper DelVecchia's proposed cross-examination. The trooper never did show up. His written report remained in evidence. There was no further material evidence CT Page 509-HH introduced. The hearing officer concluded the hearing on July 17.
Following the hearing, the hearing officer rendered his final decision, in behalf of the defendant commissioner, finding the four issues prescribed in §14-227b adversely to the plaintiff. Based upon those findings, the commissioner affirmed the suspension of the plaintiff's license.
On appeal, the plaintiff advances the argument that he was denied due process of law by the admission of Trooper DelVecchia's written report on the basis that it was hearsay and that the plaintiff was unable to cross-examine the witness declarant. As noted, the plaintiff raised the same argument repeatedly during the course of the administrative hearing.
General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v.Civil Service Commission, 4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). The Cassella decision CT Page 509-II relies in large part on the decision of the United States Supreme Court in Richardson v. Perales, 402 U.S. 389. In that case, the Supreme Court held that medical reports, although hearsay, were sufficiently reliable to be admitted in evidence.
Section 4-178 also provides that "a party and such agency may conduct cross-examination required for a full and true disclosure of the facts." General Statutes §4-178 (5). This provision has a constitutional due process dimension. "Due process of law requires . . .that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Huck v. InlandWetlands Watercourses Agency, 203 Conn. 525, 536
(1987).
In the present case, the court is faced with the unusual situation where the agency, over the objection of the plaintiff, introduced in evidence hearsay statements even though the declarant was apparently available but simply refused to obey two subpoenas, one from the agency itself, to come to the proceeding and be cross-examined on his statements. CT Page 509-JJ
Three other factors are significant here. First, the report containing the hearsay statements was evidence that the hearing officer, acting for the commissioner, desired to present on the issues that were to determined. The author of the report was, in a real sense, therefore, the commissioner's witness even though it was the plaintiff who subpoenaed him.
Second, the statements in the report are the only evidence in the record supporting the hearing officer's determination that Trooper DelVecchia had probable cause for the plaintiff's arrest, an indispensable element of the decision to suspend his license. These statements, indicating DelVecchia's observations and subjective conclusions concerning the plaintiff's actions, are obvious prime candidates for cross-examination.
Third, the plaintiff agreed to a continuance of the hearing to another day in order to provide an additional opportunity to secure the presence of the witness. This fact distinguishes this case from other cases where the individual involved refused a continuance, thereby in effect limiting the department's opportunity to produce the witness. Here, plaintiff's counsel assisted in the CT Page 509-KK effort to secure the presence of the recalcitrant witness.
In Carlson v. Kozlowski, 172 Conn. 263 (1977), citing Richardson v. Perales, our Supreme Court held that affidavits of witnesses to a nighttime motor vehicle accident did not possess "the inherent reliability of documents such as medical reports." Id., 268. Unlike the present case, the affiants had not been subpoenaed, but the court essentially excused the plaintiff from this responsibility because he had not been aware that the department planned to introduced the affidavits in evidence. Under the circumstances, the court held that it was error for the hearing officer to admit the affidavits in evidence because they consisted of uncross-examined hearsay.
In the present case, the police report is not, on its face, unreliable, and the court notes that the officer signed it under oath. It is not, however, a document like a medical report, which our courts have characterized as inherently reliable. See Carlson, supra, 268. As noted above, the police officer's statements were ripe for cross-examination.
The circumstances of this case lead the court to CT Page 509-LL conclude that it was an error of law for the hearing officer to admit DelVecchia's written report in evidence. In particular, the court notes that the plaintiff subpoenaed DelVecchia in advance of the hearing. When the police officer failed to come to the hearing, the plaintiff, through counsel, agreed to a continuance in order to make another attempt to bring in the officer and did make such attempt. The police officer again failed to appear, and there was no evidence that it was impossible for him to appear. The plaintiff consistently objected to the admission of DelVecchia's report on the basis that he did not have the opportunity to cross-examine the author. The report, which was admitted in evidence, was crucial to the department's case against the plaintiff; that is, it was not merely cumulative of other evidence. The report was not an inherently reliable document such as a medical report.
Inasmuch as the report was the only evidence to support the hearing officer's findings on the issues prescribed by General Statutes § 14-227b(f), those findings and the hearing officer's decision may not be affirmed. The plaintiff's appeal is sustained.
MALONEY, J. CT Page 509-MM