[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 11, 1997
Plaintiff Gerald Couturier appeals the decision of the defendant commissioner of motor vehicles suspending the CT Page 2241 plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The court finds the issues in favor of the plaintiff.
The sole argument advanced by the plaintiff in support of his appeal is that the hearing officer wrongly admitted in evidence the report of Agent R. A. Riggs of the South Windsor Police Department.
At the administrative hearing on the license suspension, the hearing officer presented the report of Agent Riggs and proposed its admission. Riggs was not present. The plaintiff, through counsel, objected, in part because the report was a photocopy and the original was not made available for inspection and comparison. The hearing officer overruled the objection and admitted the report in evidence.
The court has reviewed the disputed report. It indicates that Agent Riggs, while off duty, observed the plaintiff's vehicle being operated erratically. He radioed the police department dispatcher, and a second officer arrived shortly and stopped the plaintiff, subsequently arresting him.
The report of the arresting officer, Agent Dusto, was also admitted in evidence. It refers to Riggs's observations, but it also contains Dusto's independent observations of erratic driving by the plaintiff.
General Statutes § 4-178 (4) provides that at an administrative hearing, "documentary evidence may be received in the form of copies or excerpts, if the original is not readily available, and upon request parties and the agency conducting the proceeding shall be given an opportunity to compare the copy with the original."
The obvious purpose of this provision is to allow the admission of a photocopy in place of the original document on condition that the parties are able to verify that the copy is true and complete. If the party offering the photocopy cannot or will not present the original for comparison, as required by the statute, the photocopy is not admissible. There may be exceptions to this rule; for example, the party offering the document might CT Page 2242 present independent evidence authenticating it. And, of course, the rule may be waived by the other party.
The defendant commissioner argues that there is substantial evidence in the record to support the hearing officer's decision even without Riggs's report. Therefore, the commissioner contends, the plaintiff was not significantly prejudiced by the admission. This argument may not be sustained. The hearing officer himself offered Riggs's report, obviously believing it to be relevant and material to the issues related to the plaintiff's arrest. The only other evidence supporting the decision on those issues is Dusto's report. The hearing officer's decision does not indicate his precise factual findings on those issues nor does it refer to the evidence he considered. It is reasonable to infer, therefore, that the Riggs report weighed heavily in the hearing officer's consideration. It follows that the hearing officer's ruling materially prejudiced the plaintiff.
In accordance with General Statutes §§ 4-183(j) and (k), the plaintiff's appeal is sustained and the case is remanded to the department of motor vehicles for a new hearing. The commissioner or designated hearing officer is ordered to comply with the provisions of § 4-178 in presenting and admitting evidence in the record. Following the new hearing, the commissioner shall render a new decision based on evidence in the new record.
Maloney, J.