[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Deborah Olechny appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license for six months. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the CT Page 2758 plaintiff refused to submit to a chemical test of the alcohol content of her blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant.
On October 6, 1997, at approximately 11 p. m., Enfield police officers arrested the plaintiff on the charge of driving while under the influence of alcohol. After she was taken to the police station she was advised of her rights, and Officer O'Brien, the arresting officer, asked her to submit to a chemical test to determine her alcohol level. The police report recounts the following:
 Officer Matt Garcia assisted in the processing. `S' Olechny was advised of her rights and was requested to submit to a breath test. `S' Olechny was also given an opportunity to call a lawyer (no answer) but was unable to answer yes or no as to wether or not she would take the test and asked myself, Off. Garcia and Sgt. Tobin to decide for her or advise her one way or another. We advised her that we could not make the decision for her. After approximately fifteen minutes, `S' Olechny was told by me that her failure to answer one way or another would result in a refusal. `S' Olechny declined to answer to submit and the test was documented as a refusal with Off. Garcia as a witness.
(Return of Record (ROR), Enfield Police Department Case Report, p. 3.)
At the hearing, the plaintiff testified. No other witnesses appeared. The plaintiff testified that at the police station she asked to telephone her attorney. Since she did not know the telephone number, the police officer looked it up and dialed it for her. She heard it ring about ten times and then she hung up. She testified further that because of her nursing license she wanted advice before agreeing to submit to the test. She claimed that while she did not consent to the test, she did not refuse. She recalled telling the officer "I'm not refusing, I just don't know what to do." The officer then said he was "taking this as a refusal." (ROR, 10/23/97 hearing transcript p. 14.) The plaintiff said that no one witnessed this conversation. CT Page 2759
The hearing officer found the four requisite elements to suspend the plaintiff's license under § 14-227 (f).[1] The plaintiff challenges one of those findings. She claims that the record lacks substantial evidence to support the hearing officer's finding that she refused to submit to the chemical test. She also claims that there was insufficient evidence to show that the witness observed her refusal.
The scope of review for appeals from motor vehicle hearings is well established. "In an administrative appeal, the plaintiff bears the burden of proving that the commissioner's decision to suspend a motor vehicle operating privilege was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." (Internal quotation marks omitted.) Schallenkamp v. DelPonte, 229 Conn. 31, 39
(1994); see Lawrence v. Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066
(1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Schallenkamp v. DelPonte, supra, 229 Conn. 40. "The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Internal quotation marks omitted.) Marshallv. DelPonte, 27 Conn. App. 346, 352 (1992). "[I]fthe administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Connecticut Building Wrecking Co. v. Carothers,218 Conn. 580, 601 (1991). "The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it." Bialowas v. Commissioner of MotorVehicles, 44 Conn. App. 702, 708-709 (1997).
As to the first claim, there is substantial evidence to support the hearing officer's finding. Not only does the sworn police report indicate that the plaintiff would not consent to the chemical test, but the plaintiff's testimony corroborates this. (See ROR, 10/23/97, hearing transcript, p. 14.) Because the plaintiff would not consent to submit to the test, the officer could properly infer a refusal.[2] The plaintiff's claim that CT Page 2760 the refusal was not voluntary and knowing because the call to her attorney did not go through is not persuasive. In Piorek v.DelPonte, 28 Conn. App. 911 (1992), the Appellate Court affirmed the finding of a refusal even though the plaintiff was not allowed to telephone his attorney. While the plaintiff claims that, based upon an affidavit that her attorney had a twenty-four hour answering service, the police officer must have misdialed, it is of no import in this administrative appeal. See Volck v.Muzio, 204 Conn. 507, 511-12 (1987).
As to the claim that the witness to the refusal was not present, this too must be dismissed. The police report provides sufficient evidence that Officer Garcia was present and witnessed the refusal. The fact that the plaintiff contradicted this evidence does not mean that there was not a substantial basis for the hearing officer to find a valid refusal. Schallenkamp v.DelPonte, supra, 229 Conn. 41. Nor was the plaintiff deprived of the opportunity to cross examine Officer Garcia; she was free to subpoena him for the hearing. Gross v. Goldberg, superior Court, judicial district of Hartford/New Britain at Hartford, docket no. CV92 0702989 (February 3, 1993, Maloney, J.); see Carlson v.Kozlowski, 172 Conn. 263, 267 (1977). The record shows no attempt by the plaintiff to subpoena Officer Garcia; nor did she request a continuance to do so.
For the foregoing reasons, the appeal is dismissed.
DiPentima, J.