[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal filed by the plaintiff, Neil Johnson, from a decision of the Commissioner, State of CT Page 16134 Connecticut, Department of Motor Vehicles ("DMV") which ordered the suspension of the plaintiff's motor vehicle operator's license for a period of six months. The DMV acted pursuant to General Statutes § 14-227b on the basis of the plaintiff's refusal to submit to a chemical test of the alcohol content of his blood subsequent to being arrested on a charge of driving while under the influence of alcohol. Here, the plaintiff questions the sufficiency of the evidence introduced against him at the administrative hearing based upon an alleged erroneous introduction of the police report.
The underlying incident occurred on June 3, 1999, at approximately 12:27 a.m., when the plaintiff was stopped and pulled over by Officer Roger Hart of the Wallingford, Connecticut Police Department. The plaintiff was requested to perform certain roadside field sobriety tests at the location of the public highway where the stop occurred. After performing poorly on those tests, the plaintiff was placed under arrest for driving while intoxicated and transported to the Wallingford police department. At the police department, the plaintiff refused to submit to a chemical test of his breath.
Subsequently, the plaintiff was sent a written notice by DMV that his motor vehicle operator's license was being suspended for a period of six months, effective July 3, 1999. The plaintiff requested an administrative hearing on the suspension which was conducted on June 28, 1999. On the same date, DMV hearing officer issued a written notice of his findings of fact and conclusions of law and ordered the plaintiff's license suspended for a period of six months. This administrative appeal to the Superior Court followed.
The suspension hearing provided under § 14-227b is limited to four issues.[1] These limitations have been approved in Buckleyv. Muzio, 200 Conn. 1, 7 (1986) and Weber v. Muzio,204 Conn. 521, 523 (1987). The plaintiff bears the burden of proving that the DMV decision to suspend his motor vehicle operator's license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Schallenkamp v.DelPonte, 229 Conn. 31, 39 (1994); see also Lawrence v.Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied,431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977).
In the present case, the hearing officer found the four issues under General Statutes § 14-227b(g) in favor of the CT Page 16135 defendant DMV. Here, the plaintiff challenges the procedures which the hearing officer followed in arriving at his decision. Specifically, the plaintiff claims that the hearing officer violated the provisions of General Statutes § 4-178 (4) by admitting into evidence a copy of the narrative police report. Section 4-178 (4), contained within the Uniform Administrative Procedure Act, provides, in pertinent part: "documentary evidence may be received in the form of copies or excerpts, if the original is not readily available, and upon request, parties and the agency conducting the proceeding shall be given an opportunity to compare the copy with the original." In interpreting the statute, it has been stated that "[t]he obvious purpose of this provision is to allow the admission of a photocopy in place of the original document on condition that the parties are able to verify that the copy is true and complete."Couturier v. Commissioner of Motor Vehicles, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 566260 (March 11, 1997, Maloney, J.) (19 Conn. L. Rptr. 63).
In the present case, in the DMV administrative hearing on June 28, 1999, the hearing officer introduced a copy of the narrative police report concerning the incident. (Return of Record ("ROR"), Transcript, p. 3.) The plaintiff objected to the introduction of the copy of the narrative police report because the original report or an original signed copy was not available for inspection. The hearing officer overruled the plaintiff's objection and allowed the copy of the narrative arrest report into evidence. (ROR, Transcript, p. 3.) Based on the copy of the narrative arrest report which was attached to the original A-44 form (to which no objection was tendered), the hearing officer concluded that the requirements of General Statutes § 14-227b(f) had been met and that the plaintiff's license should be suspended.
This court must apply a higher standard of review when reviewing an agency's decision regarding a question of law. Our Supreme Court has stated:
 Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled CT Page 16136 to special deference. . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law.
(Citations omitted; emphasis in original; internal quotation marks omitted.) Connecticut Light Power Co. v. Texas-OhioPower, Inc., 243 Conn. 635, 642-43, (1998); see also Assn. ofNot-for-Profit Providers for the Aging v. Dept. of SocialServices, 244 Conn. 378, 389 (1998).
The plaintiff contends that the statute, § 4-178 (4), required the hearing officer to introduce either the original narrative report or a copy of the report and provide the plaintiff an opportunity to inspect the original report. In contrast, the defendant claims that a copy of the narrative arrest report may be introduced into evidence as long as the report is made under oath. Evidently, this specific issue has not been addressed by either the Connecticut Supreme Court or the Appellate Court. However, the issue has been adjudicated in the Superior Court.
In Gunther v. Goldberg, Superior Court, Judicial District of New London at New London, Docket No. 521892 (March 8, 1994, Hurley, J.), the plaintiff appealed the DMV's decision to suspend his operator's license based on a refusal to submit to a chemical test. The hearing officer, over the plaintiff's objection, admitted into evidence a copy of the A-44 form and a continuation sheet. The plaintiff, however, was able to compare the copy to the original. The court upheld the hearing officer's decision because the plaintiff failed to prove that the admission of the report was substantially prejudicial.
In Ulmer v. DelPonte, Superior Court, Judicial District of New London, Docket No. 515635 (January 30, 1992, Tamborra, J.) (5 Conn. L. Rptr. 542), the plaintiff appealed the DMV's decision to suspend his operator's license, again based on a failure to submit to a chemical test. The plaintiff there objected to the admission of a copy of the accident report because he was never afforded an opportunity to view the original report and compare the original to the copy. When the plaintiff had objected to a copy of the A-44 form being admitted into evidence, the hearing officer admitted the original A-44 form. The Superior Court held that the hearing officer had improperly admitted the copy of the accident report. Reviewing the case solely on the basis of the A-44 report, the court concluded that the hearing officer's CT Page 16137 determination was not supported by substantial evidence. The court stated that: "[W]e cannot trample the rights of . . . citizens. They are entitled to a hearing at which there is submitted evidence which reasonably supports the necessary conclusions justifying the suspension of their licenses to operate a motor vehicle." Id., 544. See also Couturier v.Commissioner of Motor Vehicles, supra, Superior Court, Docket No. 566260.
In the present case, the plaintiff objected when the hearing officer admitted a copy of the narrative police report. The original report was not available for inspection and the arresting officer was not available for cross examination. This court finds that the hearing officer improperly admitted the copy of the narrative police report.
That finding does not end this court's inquiry, however. Although the copy of the police report was improperly admitted into evidence, this court also must determine whether the plaintiff was prejudiced by this erroneous admission. If the erroneous admission of the police report was not prejudicial to the plaintiff, the court must uphold the agency's decision.O'Sullivan v. DelPonte, 27 Conn. App. 377 (1992). In O'Sullivan, the plaintiff appealed the trial court's dismissal of his administrative appeal from a DMV license suspension order. The Appellate Court upheld the trial court's holding that a copy of an investigative report was admissible because the plaintiff failed to prove that he was substantially prejudiced by the admission of the report. Id., 385.
However, if the admission of the report was prejudicial to the plaintiff, the court must vacate the agency's decision.Carlson v. Kozlowski, 172 Conn. 263 (1977). In Carlson, the plaintiff appealed the DMV's decision to suspend his motor vehicle driving privileges. The court upheld the trial court's decision to sustain the plaintiff's appeal because the adjudicator abused his discretion by relying solely on hearsay statements. Id., 265. The court stated:
 If hearsay evidence is insufficiently trustworthy to be considered "substantial evidence" and it is the only evidence probative of the plaintiff's culpability, its use to support the agency decision would be prejudicial to the plaintiff, absent a showing, . . . that the appellant knew it would be used and failed to ask the commissioner to subpoena the CT Page 16138 declarants.
Id., 267.
In Cushman v. Commissioner, State of Connecticut Departmentof Motor Vehicles, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 581551 (November 16, 1998, McWeeny, J.), the court held that the plaintiff was not substantially prejudiced when the hearing officer admitted a copy of the narrative police report into evidence because the arresting officer was available for cross examination at the hearing. In Cushman, the plaintiff had objected when the hearing officer introduced into evidence a copy of the attached narrative police report, but did not object to the A-44 report. The plaintiff argued that the attached narrative report should be excluded because he was not afforded an opportunity to inspect the original. The hearing officer granted a continuance to allow the plaintiff to inspect the original report. The plaintiff subpoenaed the original report, but the arresting officer again only produced a copy of the original. The arresting officer, however, was available for cross examination. There, the court held that the copy of the narrative report did not substantially prejudice the plaintiff because the arresting officer was available for cross examination.
The plaintiff is substantially prejudiced if the hearing officer's decision is based solely on an inadmissible report.Couturier v. Commissioner of Motor Vehicles, supra, Superior Court, Docket No. 566260. In Couturier, the plaintiff objected when the hearing officer admitted a copy of the narrative report because both the original report and the arresting officer were not available. The court held that the plaintiff was substantially prejudiced because the report was the only evidence which supported the hearing officer's decision to suspend the plaintiff's operating privileges.
In order to survive an appeal, the hearing officer's conclusion must be based on evidence that was properly admitted into the record. In the present case, the record indicates that the hearing officer based his decision to suspend the plaintiff's driver's license on the A-44 form and the attached copy of the narrative police report. If the narrative arrest report is excluded and only the A-44 form considered, the hearing officer's decision is still supported by substantial evidence. Here, the A-44 form was prepared thoroughly by the arresting officer. The CT Page 16139 A-44 form, to which no objection was made, indicates that the plaintiff was observed operating on a public road, Highland Avenue, in Wallingford, at approximately 12:27 a.m. on June 3, 1999. The arresting officer observed erratic driving. There was an odor of liquor on the plaintiff's breath, and he performed very poorly on those standardized field sobriety tests to which he agreed. He refused to perform other tests. The plaintiff admitted that he started drinking at 6:00 p. m. on the previous evening, June 2, 1999, and stopped drinking at approximately 11:00 p. m. The plaintiff admitted drinking six or seven beers and stated that he last ate at approximately noon time on June 2, 1999. Subsequent to his arrest, the plaintiff was offered a breath test, which he refused.
It is important to note that although some of the police officer's observations contained in the A-44 form are conclusory in nature, there was no objection to the A-44 form's admission into evidence. None of the evidentiary content of the A-44 form was contested. Nor was any contradictory evidence offered by the plaintiff.
Thus, the hearing officer's conclusions, made pursuant to General Statutes § 14-227b(g), were supported by substantial evidence derived from the A-44 form without its attachments. The plaintiff has failed to demonstrate prejudice as a result of the erroneous admission of the attached narrative police report. SeeO'Sullivan v. DelPonte, supra, 27 Conn. App. 385. Accordingly, the plaintiff's argument must fail.
Based on all of the foregoing, there is substantial evidence in the record to support the DMV hearing officer's decision to suspend the plaintiff's Connecticut operator's license for six months. Accordingly, that decision will not be disturbed and the plaintiff's administrative appeal is dismissed.
Michael Hartmere, Judge